```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                      AT NASHVILLE
```

JEFFREY ANDERSON,                )
                                 )
        Plaintiff                )
                                 )      No. 3:16-2720
v.                               )      Chief Judge Sharp/Brown
                                 )
STARBUCKS CORPORATION d/b/a      )
STARBUCKS and LAGASSIE           )
PROPERTIES, LLC,                 )
                                 )
        Defendants               )

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

This matter was set for a case management conference on March 20, 2017 (Docket Entry 14). At the appointed hour Mr. Anderson did not appear and the Court had no communication whatever with him.

It appears that service of process has not been obtained and the Plaintiff has been cautioned about the need to obtain service of process under Rule 4 within 90 days (Docket Entry 12). In view of the failure to obtain service the Magistrate Judge recommends that this case be dismissed without prejudice.

### BACKGROUND

The Plaintiff Jeffrey Anderson is a frequent plaintiff in cases alleging violations of the Americans With Disabilities Act and has normally been represented by an attorney. In this case his complaint against the Defendants was filed on October 13, 2016 (Docket Entry 1). The matter was referred to me for case management (Docket Entry 6). The Plaintiff was allowed to proceed *in forma*

*pauperis* (Docket Entry 7) and the matter was reset for the initial case management conference on December 13, 2016 (Docket Entry 10). Although the Plaintiff requested a second continuance (Docket Entry 11) the motion to continue the initial case management conference was denied (Docket Entry 12) and the Court noted that service of process was required to be accomplished within 90 days or the case would be dismissed.[1]

The Plaintiff was also advised that he should be prepared at the case management conference to show if he had received any income from the various federal cases he had filed IFP, which had been settled. The order noted that the Plaintiff's application for IFP did not reflect any such income, and if there was none, then there would be no problem with the IFP application.

Subsequently, counsel for Plaintiff filed a motion to withdraw on January 16, 2017 (Docket Entry 13), which was granted (Docket Entry 15). In that order the Plaintiff was allowed 30 days to obtain new counsel or to inform the Court of his intention to proceed *pro se*.

Mail sent to the Plaintiff has been returned as undeliverable.

The Magistrate Judge is aware from another case, *Anderson v. NFB Partners, et al.*, 3:15-CV-1466, that Plaintiff's former counsel has advised that Plaintiff has had some health problems, but for

---

[1]The order contained a typographical reference to Rule 5 rather than Rule 4.

some reason has cut off all communication with counsel. In that case, although there was apparently a settlement, Plaintiff has refused to sign the completed agreement.

The record in this case does not reflect service of process nor does it reflect any requests from Plaintiff for an extension of time to service process. It further appears that Plaintiff is not accepting mail from the Court.

## LEGAL DISCUSSION

Federal Rule of Civil Procedure 4(m) is quite clear that if the defendant is not served within 90 days after the complaint is filed, the Court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order than service be made within the specified time. In this case the Plaintiff was advised of the need to obtain service of process within 90 days and that he could request an extension. The Plaintiff has not requested an extension and it appears that service of process has not been served despite the passage of over 155 days.

Accordingly, absent any good cause shown for failure to obtain service of process, this case must be dismissed without prejudice.

## RECOMMENDATION

For reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTER** this 21st day of March, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge